UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**GALE SANTILLI,**

      **Plaintiff,**　　　　　　　　**CIVIL ACTION NO. 14-cv-12359**

      **v.**　　　　　　　　　　　　　**DISTRICT JUDGE SEAN F. COX**

**JPMORGAN CHASE BANK, N.A.**　　**MAGISTRATE JUDGE MONA K. MAJZOUB**

      **Defendant.**
_____/

**REPORT AND RECOMMENDATION**

Plaintiff Gale Santilli commenced this action in the Oakland County Circuit Court against Defendant JPMorgan Chase Bank, N.A. on April 8, 2014. (Docket no. 1 at ¶1.) In her Complaint, Plaintiff challenges foreclosure proceedings related to real property located at 1354 Harvard Rd. in Berkley, Michigan. (*See* docket no. 1-2.) On June 16, 2014, Defendant removed the case to this Court. (Docket no. 1.) Before the Court is Defendant's Motion to Dismiss. (Docket no. 5.) Plaintiff has not filed a response to Defendant's Motion, but a response was due within 21 days of service, and that time has now passed. E.D. Mich. LR 7.1(e)(1)(B). All pretrial matters have been referred to the undersigned for consideration. (Docket no. 6.) The undersigned has reviewed the pleadings, dispenses with a hearing pursuant to E.D. Mich. L.R. 7.1(f)(2), and issues this Report and Recommendation.

**I.　RECOMMENDATION**

For the reasons that follow, the undersigned recommends that Defendant's Motion to Dismiss (docket no. 5) be **GRANTED** and that this matter be dismissed in its entirety.

**II.　REPORT**

### A. Facts and Procedural History

Plaintiff borrowed the sum of $202,000 from GreenPoint Mortgage Funding, Inc. on May 5, 2005. (Docket no. 1-3.) As security for the loan, Plaintiff granted Mortgage Electronic Registration Systems, Inc. (MERS), as the sole nominee for the lender, a mortgage interest in real property located at 1354 Harvard Rd. in Berkley, Michigan. (*Id.*) On October 12, 2011, MERS assigned the mortgage to Wells Fargo Bank, with JPMorgan Chase acting as the servicer for the loan. (Docket no. 5-3.) Plaintiff then defaulted on her loan obligations, and foreclosure proceedings were initiated. (Docket no. 1-2 at ¶ 10.) A sheriff's sale was held on October 8, 2013. (Docket no. 5-4.) Wells Fargo purchased the property at this sheriff's sale and received a sheriff's deed. (*Id.*) Plaintiff failed to redeem the property within the six-month redemption period. Plaintiff brought this lawsuit on April 8, 2014, the day that the redemption period expired, alleging: (1) fraudulent misrepresentation; (2) breach of contract; (3) violation of the Federal Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA) (15 USC 1601 *et seq.*); (4) violation of 15USC 1639; (5) quiet title; (6) violation of MCL 600.3204 *et seq.*; (7) slander of title; (8) defamation; (9) intentional infliction of emotional distress; and (10) injunctive relief. (Docket no. 1 at ¶1.) Defendant filed a Motion to Dismiss Plaintiff's complaint on June 16, 2014. (Docket no. 5.) This matter is currently pending before the Court.

### B. Governing Law

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint. The court must "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007); *Inge v. Rock Fin. Corp.*, 281

F.3d 613, 619 (6th Cir. 2002). To survive a Rule 12(b)(6) motion to dismiss, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations and emphasis omitted). *See also Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).

This acceptance of factual allegations as true, however, is inapplicable to legal conclusions: "Threadbare recitals of all the elements of a cause of action, supported by mere conclusory statements do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, the court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* (internal quotations and citations omitted). "Only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.*

"Determining whether a complaint states a plausible claim for relief [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* To make this determination, a court may apply the following two-part test: (1) "identify pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth; and (2) "assume the veracity [of the remaining allegations] and determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679.

**C. Analysis**

Plaintiff filed her complaint in Oakland County Circuit Court on April 8, 2014. (Docket no. 1 at ¶ 1; Docket no. 1-2.) After removal, Defendant filed the instant Motion to Dismiss claiming that Plaintiff's Complaint should be dismissed for the following reasons: (1) Plaintiff's claims are unsupported by factual details; (2) Plaintiff lacks statutory standing to challenge the foreclosure sale;

-3-

(3) Plaintiff does not allege fraud, irregularity, or facts establishing prejudice in the procedure of the foreclosure sale; (4) Plaintiff failed to plead fraud (Count I) with requisite particularity; (5) Plaintiff failed to state a claim for breach of contract (Count II), slander of title (Count VII), and defamation (Count VIII); (6) Plaintiff's claims that Defendant violated the Real Estate Settlement Procedures Act (RESPA) and Truth in Lending Act (TILA) (Counts III and IV) are time barred; (7) Plaintiff has not stated a *prima facie* case for title (Count V); (8) Defendant complied with MCL 600.3204 *et seq* (Count VI); (9) extreme or outrageous conduct is lacking for a valid claim of emotional distress (Count IX); and (10) Plaintiff's claim for injunctive relief (Count X) is moot and legally insufficient. (Docket no. 6.)

### 1. Failure to State a claim

After conducting a thorough review of Plaintiff's Complaint, the undersigned concludes that each count of the Complaint is based entirely on conclusory statements, which fail to provide any factual support for the underlying allegations. Because the claims are based solely on vague allegations, they do not meet the standards established by the United States Supreme Court in *Twombly* and *Iqbal*, and as a result, they are not sufficient to raise Plaintiff's right to relief above a speculative level. Therefore, the claims cannot survive a motion under Federal Rule of Civil Procedure 12(b)(6), and the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED.

### 2. Setting Aside the Foreclosure

The foreclosure should not be set aside because Plaintiff did not redeem the property within the statutory redemption period. Defendant initiated foreclosure proceedings by publishing a Notice of Foreclosure in accordance with Mich. Comp. Laws § 600.3208, which ultimately resulted in a

sheriff's sale on October 8, 2013. (*See* docekt 5-4.) Under Michigan law, Plaintiff had until April 8, 2014, to redeem the property. MCL § 600.3240(8). Once the April 8 deadline passed, all of Plaintiff's rights in the property were effectively extinguished, and all rights, title, and interest in the property vested with Defendant. MCL § 600.3236. Thus, Plaintiff lacks standing after April 8, 2014, to challenge the sheriff's sale or to raise any claims related to the property; therefore, the undersigned recommends that Defendant's Motion to Dismiss Plaintiff's Complaint be GRANTED.

### 3. Fraudulent Misrepresentation (Count I)

In Count I of her Complaint, Plaintiff claims that Defendant committed fraud in failing to provide required notices and disclosures. (Docket no. 1-2 at ¶ 19.) To support this claim, Plaintiff alleges that Defendant knew its representations were false and intended that Plaintiff would rely on those representations. (*Id.* at ¶¶ 20-21.) Plaintiff also alleges that Defendant's actions resulted in a substantial economic loss. (*Id.* at ¶ 23.)

Under Michigan law, a claim for fraudulent misrepresentation requires Plaintiff to show: (1) that the defendant made a material misrepresentation; (2) that was false; (3) that when he made it he knew that it was false, or he made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that the plaintiff acted in reliance upon it; and (6) that the plaintiff was injured as a result. *Hi-Way Motor Co. v. Int'l Harvester Co.*, 247 N.W.2d 813, 816 (Mich. 1976) (citation omitted). [T]he absence of any one of [these elements] is fatal to a recovery. *Id.* Additionally, Federal Rule of Civil Procedure 9(b) imposes an obligation on any plaintiff alleging fraud or mistake to "state with particularity the circumstances constituting fraud or mistake." To meet the particularity requirement of Rule 9(b),

the plaintiff must (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent. *Frank v. Dana Corp.*, 547 F.3d 564, 569-70 (6th Cir. 2008) (citation and internal quotation marks omitted). "At a minimum, the plaintiff must allege the time, place and contents of the misrepresentations upon which [she] relied." *Id.* "The plaintiff also must allege facts from which it could be concluded that [her] reliance was reasonable." *Issa v. Provident Funding Grp., Inc.*, No. 09-12595, 2010 WL 538298, *5 (E.D. Mich. Feb. 10, 2010) (citing *Novak v. Nationwide Mut. Ins. Co.*, 599 N.W.2d 546, 553-54 (Mich. Ct. App. 1999)). "The threshold test is whether the complaint places the defendant on sufficient notice of the misrepresentation, allowing the defendant[] to answer, addressing in an informed way the [plaintiff's] claim of fraud." *Kashat v. Paramount Bancorp, Inc.*, No. 09-10863, 2010 WL 538295, at *4 (E.D. Mich. Feb. 10, 2010) (citation omitted; alterations in original) (dismissing the plaintiffs' complaint because it did "not contain allegations concerning the time and place of the alleged misrepresentations.").

In this case, Plaintiff's Complaint fails to identify who made the misrepresentation, when the fraudulent statement was made, how the statements were made, and why the statement was inaccurate. Therefore, Plaintiff's allegations fail to state a claim for fraud under Michigan law and fail to meet the particularity requirements of Rule 9(b). As a result, the undersigned recommends that Defendant's Motion to Dismiss the Count I of Plaintiff's Complaint be GRANTED.

### 4. **Breach of Contract (Count II)**

Count II of the Complaint alleges that Defendant breached the loan agreement by failing to disclose material facts, by making false and misleading statements, and by engaging in deficient mortgage servicing and foreclosure processes. (Docket no. 1-2 at ¶ 27.)

Under Michigan law, a plaintiff must show the following to bring a valid breach-of-contract claim: (1) the existence of a valid contract; (2) the terms of the contract; (3) performance of things by the plaintiff; (4) conduct constituting breach by the defendant; and (5) damages. *Keywell and Rosenfeld v. Bithell*, 657 N.W.2d 759 (Mich. Ct. App. 2002).

Defendant claims that Plaintiff's allegations do not sufficiently identify the contract at issue, the terms that were breached, or the actions causing the breach. (Docket no. 5 at 29.) Defendant also claims that because these key facts have not been identified, they have not been put on sufficient notice of the claim against them. (*Id.*) As a result of these deficiencies, Defendant argues that Plaintiff's breach-of-contract claim cannot survive this Motion. (*Id.*)

The Court agrees with Defendant. Plaintiff has done nothing more than make conclusory statements listing the elements required to establish a valid breach of contract claim without providing any factual support. The contract at issue was not identified, there was no indication of the terms that were breached, and nothing in the complaint describes Defendant's wrongful actions. Therefore, Plaintiff has failed to state a plausible claim for relief, and as a result, the undersigned recommends that Defendant's Motion to Dismiss Count II of Plaintiff's Complaint be GRANTED.

### 5. Violation of the Federal Real Estate Settlement Procedures Act (RESPA) and the Truth in Lending Act (TILA) (15 USC 1601 *et seq*) (Count III) and Violation of 15 USC 1639 (Count IV)

Count III of Plaintiff's Complaint alleges that Defendant failed to provide the notices and disclosures required under the Federal Real Estate Settlement Procedures Act and/or the Truth in Lending Act. (Docket no. 1-2 at ¶ 30.) Plaintiff claims that these actions caused an increase to the home's principal, resulting in a loss of Plaintiff's property rights. (*Id* at ¶ 31.) Count IV alleges that

Defendant wrongly extended credit to Plaintiff without properly considering her ability to repay the debt. (*Id* at ¶ 36.)

Both claims are subject to statutes of limitation, and both statutes began running on the day the violation occurred. 12 USC 2614; 15 USC 1640(e). In this case, Plaintiff signed the loan agreement in question on May 5, 2005. Therefore, if the alleged violations did occur, they would have occurred on that date. Plaintiff's claims was filed on April 8, 2014, nearly nine years after the alleged violations would have occurred. This is well beyond the time period to bring a claim. Consequentially, the Plaintiff's claims are time-barred, and the undersigned recommends that Defendant's Motion to Dismiss Count III and Count IV of Plaintiff's Complaint be GRANTED.

### 6.    Quiet Title (Count V)

In Count V of the Complaint, Plaintiff claims that Defendant's actions induced Plaintiff to obtain the loan, and as a result, Defendant does not have a valid interest in the home. (Docket no. 1-2 at ¶¶ 40-41.) Plaintiff then argues that because Defendant did not have a valid interest in the home, Defendant is in violation of MCL § 600.3204, and consequentially, its interest in the home should be extinguished under MCL § 600.2932. (*Id* at ¶¶ 40-41.)

Under Michigan law, "in an action to quiet title, the plaintiffs have the burden of proof and must make out a *prima facie* case of title." *Beulah Hoagland Appleton Qualified Pers. Residence Trust v. Emmet Co Road Comm'n*, 600 N.W.2d 698, 700 (Mich. Ct. App. 1999).

Here, Plaintiff has failed to establish that her interest in the property is superior to Defendant's interest. Further, by the time Plaintiff brought the claim to quiet title to the property, she had already lost any interest that she may have previously held in the property for the reasons discussed, *supra.* Therefore, Plaintiff has failed to make out a *prima facie* case of title, and the

undersigned recommends that Defendant's Motion to Dismiss Count V of Plaintiff's Complaint be GRANTED.

### 7. Violation of MCL 600.3204 *et seq* (Count VI)

Count VI of the Complaint alleges that Defendant failed to provide Plaintiff with required notice before initiating foreclosure proceedings, which denied her the opportunity to refinance the home within the redemption period. (Docket no. 1-2 at ¶¶ 45, 49.) Defendant counters Plaintiff's arguments by pointing out that the required notice was provided. (*See* docekt 5-4.) Further, Defendant cannot be held liable for any alleged violations of MCL § 600.3205 because that statute has been repealed, making any possible claims moot. Mich. Comp. Laws § 600.3205, *repealed by* P.A.2014, No. 125, § 1, Eff. June 19, 2014. Additionally, even if Plaintiff had qualified for modification, Defendant was not legally required to modify the loan. *Buchanan v. Household Fin. Corp. III*, No. 311689, 2014 WL 575762, *1 (Mich. App. Feb. 14, 2014.) Defendant also points out that Plaintiff's conclusory allegations that Defendant made "misrepresentations" do not survive Rule 9(b) and are insufficient for stating a claim. Consequentially, Plaintiff's claim that Defendant violated MCL § 600.3204 *et seq* fails, and the undersigned recommends that Defendant's Motion to Dismiss Count VI of Plaintiff's Complaint be GRANTED.

### 8. Slander of Title (Count VII)

In Count VII of the Complaint, Plaintiff claims that Defendant did not have a valid security interest in the home, while proceeding to cause a sheriff's sale of the home. (Docket no. 1-2 at ¶¶52-53.) Under Michigan law, to make such a claim, "a plaintiff must show falsity, malice, and special damages, *i.e.*, that the defendant maliciously published false statements that disparaged a plaintiff's right in property, causing special damages." *B&B Inv. Group v. Gitler*, 229N.W.2d 17 (Mich. Ct.

App. 1998). Plaintiff's claim fails to allege any specific conduct by Defendant, any malice, or specify how Defendant's conduct caused any special damages. The claim only vaguely refers to "illegal conduct," which was the "proximate cause of damages." These are merely conclusory statements, and as a result, Plaintiff has failed to state a claim. Therefore, the undersigned recommends that Defendant's Motion to Dismiss Count VII of Plaintiff's Complaint be GRANTED.

### 9. Defamation (Count VIII)

Count VIII of Plaintiff's Complaint alleges that Defendant made false statements regarding Plaintiff's character and personal information while knowing the statements were false or while recklessly disregarding the truth. (Docket no. 1-2 at ¶¶57-58.) Plaintiff further argues that Defendant also published this non-privileged information to third parties, damaging Plaintiff's reputation and causing economic loss. (*Id* at ¶¶59-60.)

Under Michigan law, a plaintiff must allege the following to bring a valid defamation claim: (1) the making of a false and defamatory statement concerning the plaintiff; (2) that an unprivileged communication was made to a third party; (3) that there was fault amounting at least to negligence on the part of the publisher; and (4) either (a) actionability of the statement irrespective of special harm (defamation per se), or (b) the existence of special harm caused by the publication. *Mitan v. Campbell*, 474 Mich. 21, 24 (2005).

Plaintiff has failed to identify any specific defamatory statements or any damages related to such statements. Therefore, Plaintiff's claims are only a recitation of the elements needed to establish a valid defamation claim and fail to sufficiently state a claim. Consequently, the undersigned recommends that Defendant's Motion to Dismiss Count VIII of Plaintiff's Complaint be GRANTED.

**10.     Intentional Infliction of Emotional Distress (Count IX)**

In Count IX of the Complaint, Plaintiff claims that Defendant caused her severe emotional distress by engaging in intentional conduct that was extreme, outrageous, and could not be tolerated by a civilized society. (Docket no. 1-2 at ¶¶62-65.) Again, Plaintiff has only made a threadbare recital of the elements without providing any factual support for her claims. In failing to identify any extreme or outrageous conduct, Plaintiff has not raised a valid intentional infliction of emotional distress claim; therefore, the undersigned recommends that Defendant's Motion to Dismiss Count IX of Plaintiff's Complaint be GRANTED.

**11.     Injunctive Relief (Count X)**

Count X alleges that Defendant is not entitled to the home, and unless the Court grants Plaintiff the requested relief, she will suffer irreparable harm. (Docket no. 1-2 at ¶¶69-70.) Before a permanent injunction will be granted, the party seeking the injunction must establish the following factors: (1) the plaintiff has suffered irreparable injury; (2) the plaintiff has no adequate remedy at law, such as an award of money damages; (3) a permanent injunction is warranted by the balance of the hardships between the plaintiff and defendant; and (4) it is in the public interest to issue a permanent injunction. *See Audi AG v. D'Amato*, 469 F.3d 534, 500 (6th Cir. 2006.)

Plaintiff has failed to sufficiently establish any of the required factors, only claiming that "Defendant is not entitled to the home." (Docket no. 1-2 at ¶¶69.) Therefore, Plaintiff has failed to meet her legal burden. Additionally, the foreclosure sale has already occurred, and the redemption period has passed, making Plaintiff's claim for injunctive relief moot. Accordingly, the undersigned recommends that Defendant's Motion to Dismiss Count X of Plaintiff's Complaint be GRANTED.

**D.    Conclusion**

For the reasons that follow, the undersigned recommends that Defendant's Motion to Dismiss (docket no. 5) be **GRANTED** and that this matter be dismissed in its entirety.

**REVIEW OF REPORT AND RECOMMENDATION**

Either party to this action may object to and seek review of this Report and Recommendation, but must act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  Filing objections which raise some issues but fail to raise others with specificity will not preserve all objections that a party might have to this Report and Recommendation.  *See Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Rule 72.1(d)(2) of the Local Rules of the United States District Court for the Eastern District of Michigan, a copy of any objection must be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than five (5) pages in length unless by motion and order such page limit is extended by the Court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.


Dated: October 30, 2014            s/ Mona K. Majzoub
                                   MONA K. MAJZOUB
                                   UNITED STATES MAGISTRATE JUDGE

## **PROOF OF SERVICE**

I hereby certify that a copy of this Report and Recommendation was served upon Counsel of Record on this date.

Dated: October 30, 2014            s/ Lisa C. Bartlett
                                   Case Manager